UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**UNITED STATES OF AMERICA,**

    v.                                                        Cr. No. 08-167 (JMF)

**TERRY WILLIAMS,**

    **Defendant.**

## DETENTION MEMORANDUM

This matter comes before me upon the application of the United States that the defendant be detained pending trial. After a hearing, the government's motion was granted, and this memorandum is submitted to comply with the statutory obligation that "the judicial officer shall—include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

1. The Metropolitan Police Department, armed with a search warrant, went to 5020 Just Street, N.E., Washington D.C.

2. The defendant was standing in front of the premises, a single family rowhouse.

3. He ultimately entered the house once the police has already gained entry. He told them that he knew what they were looking for and did not want his house torn up.

4. With defendant's guidance the police searched the apartment and found (a) a substantial quantity of crack cocaine in various forms and sizes; (b) heroin; (c) baking soda (used to make the crack cocaine); (d) quinine (used to dilute the heroin; (e) 100 empty ziplocks; and (f) three digital scales.

5. They also found $10,050 in cash.

6. Defendant told the police that he leased the premises.

## REASONS FOR DETENTION

An examination of the factors required to be considered by 18 U.S.C. § 3142(g) compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

## The Statutory Standard

Defendants who are charged with an offense for which a term of imprisonment of 10 years is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 *et seq.*), or the Maritime Drug Law Enforcement Act (46 U.S.C. §§ 1901 *et seq.*) are eligible for pretrial detention. 18 U.S.C. § 3142(f)(1)(C).  If there is probable cause to believe that the defendant committed an offense for which a maximum term of imprisonment of 10 years or more is prescribed in those three statutes, it is presumed that there is no condition or combination of conditions which will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. § 3142(e).  In determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, the judicial officer is to consider:

1. The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

2. The weight of the evidence;

3. The history and characteristics of the person, including

        a.        His character, physical and mental condition, family ties, employment, financial resources, length of residence in the community and community ties;

        b.        Past conduct, history relating to drug or alcohol abuse;

        c.        Criminal history;

        d.        Record concerning appearance at court proceedings;

        e.        Whether, at the time of the current offense or arrest, the person was on probation, parole, or on other release pending trial, sentencing, appeal or completion of sentence for an offense under Federal, State or local law;

4.        The nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142.

An examination of these factors compels the conclusion that there is clear and convincing evidence that defendant's release on any condition or combination of conditions will not reasonably assure the safety of the community and his detention is, therefore, appropriate.

**The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug.** Crack and heroin are narcotic drugs and the apartment contained the materials needed to package and sell them. There was also $10,050 in cash in the apartment, which, combined with the presence of the drugs, is highly indicative of the level of the defendant's drug dealing.

**Defendant's character, physical and mental condition, family ties, employment, financial resources, and length of residence in the community.** Defendant has lived in the District of Columbia all of his life.

**The weight of the evidence.** Defendant who directed the police to the drugs and admitted to being the lessee of the premises faces a strong government case.

**History relating to drug or alcohol abuse.**  There is no information as to this factor.

**Record concerning appearance at court proceedings and prior criminal record and whether on probation or parole at the time of the present offense.**  The defendant has an abominable criminal record.  He has been convicted of (1) attempted possession with intent to distribute cocaine; (2) possession with intent to distribute cocaine; (3) attempted distribution of cocaine and (4) attempted possession of cocaine.  He has also been convicted of escape, premised on his failure to return to a halfway house where a judge has sent him.  He is presently on supervised release on the escape and attempted possession with intent to distribute conviction.

## CONCLUSION

A weighing of all the pertinent facts compels the conclusion that the defendant should be detained pending trial.  He faces a strong governmental case that, if credited, would surely indicate that he was engaged in the business of selling drugs in the apartment the police raided.  He has a terrible criminal record for similar offenses and has been unfaithful to the conditions of his release.  There is nothing here to rebut the presumption of his dangerousness and risk of flight created by the Bail Reform Act.  I find by clear and convincing evidence that there are no conditions or combination of conditions I could set which would reasonably assure the safety of the community.  I will, therefore, order the defendant detained without bond pending trial.

_____/S/_____
**JOHN M. FACCIOLA**
**UNITED STATES MAGISTRATE JUDGE**

**March 19, 2008**